# United States District Court
# Northern District of Indiana

| | |
|---|---|
| TONY D. YOUNGBLOOD,<br><br>        Petitioner,<br><br>     v.<br><br>SUPERINTENDENT,<br><br>        Respondent. | Civil Action No. 3:09-CV-283 JVB |

**OPINION AND ORDER**

Tony M. Youngblood, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 seeking to challenge his 2002 conviction for aiding a robbery in Allen County Superior Court. *State v. Youngblood*, No. 02D04-0306-FB-110. The respondent argues that the petition is untimely and that Youngblood's claims are otherwise procedurally defaulted. (DE 30.)

In deciding this habeas petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). On direct appeal, the Indiana Court of Appeals set forth the facts surrounding Youngblood's conviction as follows:

> On June 10, 2003, Kenneth Whitby, armed with a revolver, entered George's International Grocery in Fort Wayne, Indiana. Whitby entered the grocery manager's office, pointed the gun at the manager, and demanded all of the money in the store safe be placed into a manila-colored bag. Whitby then fled the scene on foot. Mark Melchi, a store customer, observed the robbery and followed Whitby out of the store.
>
> Melchi flagged down Fort Wayne Police Officer Joseph Cutler and informed him of the robbery. Melchi and Officer Cutler drove around the vicinity of the robbery in an attempt to spot the perpetrator. During this sweep of the immediate vicinity, Melchi spotted a van pulling out of an alley. The driver slouched in his seat and attempted to hide his face. Melchi informed Officer Cutler of the suspicious behavior. Officer Cutler, with support from Officer Greg Zirzow, pulled the van over. The officers ordered the driver, identified as Youngblood, to exit the vehicle. Melchi informed the officers that Youngblood was not the individual who robbed the grocery. Officer Zirzow asked Youngblood if anyone else was in the van. Youngblood responded that no one else was in the van. The officers performed a protective sweep of the vehicle and found Whitby hiding in the back of the van. The

      officers also spotted a revolver and a manila-colored bag in the back of the van. Melchi identified Whitby as the individual who robbed the grocery store.

      After being arrested and read his *Miranda* rights, Youngblood provided a statement to Detective Art Billingsley confirming Whitby was his brother-in-law. Youngblood claimed that he drove Whitby to the grocery store and that he went across the street to a tattoo parlor to speak with someone. The sole employee at the tattoo parlor stated at trial that no African-American males had entered the store that day. Youngblood stated that Whitby was already in the van when he returned from the tattoo parlor and that Youngblood intended to drive home. However, Youngblood had been driving in a direction opposite of his home when he was stopped by Officer Cutler and had no explanation for that fact.

*Youngblood v. State*, No. 02A04-0406-CR-328 (Ind. App. Ct. Dec. 8, 2004), slip op. at 2-3. Youngblood was charged with aiding a robbery, and following a jury trial was found guilty. *Id.* at 3. He was sentenced to 15 years in prison. *Id.* He appealed, raising a claim based on the sufficiency of the evidence, and the Indiana Court of Appeals affirmed. *Id.* at 5. He did not file a petition to transfer with the Indiana Supreme Court. (DE 29-2.)

On June 8, 2005, Youngblood filed a *pro se* petition for post-conviction relief with the Allen County Superior Court, raising Fourth Amendment claims stemming from his arrest and the search of the van, and claims of ineffective assistance of trial and appellate counsel. (DE 29-1 at 37.) The trial court denied the petition on October 19, 2007, and Youngblood did not appeal. (DE 29-1 at 45; DE 15 at 4.) On January 14, 2008, Youngblood filed a motion for relief from judgment in the state trial court, which was denied on January 28, 2008. (DE 29-1 at 45.)

On May 28, 2009, Youngblood filed a federal habeas petition, which he subsequently amended on November 20, 2009. (DE 1; DE 15.) In the amended petition, Youngblood raises four claims. In claims one and two, he raises Fourth Amendment claims stemming from his arrest and the search of his van. (DE 15 at 5.) In claim three, he alleges a due process violation based on the admission of alleged perjured testimony at trial. (DE 15 at 6.) In claim four, he

alleges ineffective assistance of trial counsel based on counsel's "silence to said perjured testimony." (DE 15 at 6.)

Youngblood's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations. Pursuant to 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, the Indiana Court of Appeals affirmed Youngblood's conviction on December 8, 2004. Youngblood did not file a petition to transfer with the Indiana Supreme Court, and the time for doing so expired on January 7, 2005. *See* IND. R. APP. P. 57(C); IND. TRIAL RULE 6(A). Accordingly, his conviction became final and the one-year statute of

3

limitations for filing a federal habeas petition began to run on January 7, 2005. *See Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005).

The limitations period ran for 152 days, until June 8, 2005, when Youngblood filed a post-conviction petition with the Allen County Superior Court. The filing of this petition tolled the one-year limitations period. 28 U.S.C. § 2244(d)(2). The trial court denied the petition on October 19, 2007, and Youngblood did not appeal. Another 87 days elapsed between October 19, 2007, and January 14, 2008, when Youngblood filed a motion for relief from judgment in the Allen County Superior Court. Assuming that motion tolled the limitations period under Section 2244(d)(2), the motion was only pending for 14 days, and after it was denied the statute of limitations again began to run.[1] At that time, there were 126 days remaining on the limitations period, making Youngblood's federal petition due at the latest by June 2, 2008.

Youngblood filed his federal habeas petition on May 28, 2009, nearly a year too late. (DE 1.) In the interim, he twice sought leave from the Indiana Supreme Court to file a successive post-conviction petition. (DE 29-5; DE 29-6.) However, because those requests were denied, they did not toll the limitations period. *See Powell*, 415 F.3d at 726-27 (an unauthorized successive petition is not considered "properly filed" under Indiana law and does not toll the limitations period under Section 2244(d)(2)). Therefore, this habeas corpus petition is untimely under Section 2244(d)(1)(A).

---

[1] Some courts have held that a motion must attack the validity of the underlying conviction and not just seek post-judgment relief to qualify for tolling under Section 2244(d)(2). *See Walkowiak v. Haines*, 272 F.3d 234, 239 (4th Cir. 2001). Other courts have interpreted Section 2244(d)(2) more broadly. *See Kholi v. Wall*, 582 F.3d 147, 152-53 (1st Cir. 2009). There is no need to consider the issue in detail here since Youngblood's petition is untimely regardless of whether the limitations period was tolled during the pendency of this motion.

Youngblood appears to base claims three and four on what he terms "newly discovered evidence." (DE 15 at 6.) If in fact these claims are based on newly discovered evidence, they would not have to be raised one year from the date Youngblood's conviction became final. Instead, the deadline for raising these claims would be one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Seventh Circuit has made clear, however, that the time runs from when the evidence could have been discovered through diligent inquiry, not when it was actually discovered or when its significance was realized. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001).

Youngblood's *pro se* filings are in places difficult to parse, but it appears he is relying on "newly discovered evidence" which in his view proves that certain witnesses gave perjured testimony at his trial.[2] (DE 15; DE 31; DE 38.) He asserts that an eyewitness, Melchi, committed perjured when he testified that he saw Youngblood's van parked in an alley off of Nelson Street. (*See* DE 31 at 1.) Youngblood claims that there is no such alley located on that street, and that this fact is obvious to anyone who has lived in Fort Wayne. (*Id.*) Youngblood has not offered anything other than his bare assertion as proof of this "fact." Moreover, he has not explained why he would not have learned of the factual predicate for this claim at the time of trial when the

---

[2] It is not clear whether Youngblood's allegations raise a cognizable claim. A conviction obtained through the use of false evidence, known to be false by the prosecutor, violates the Due Process Clause of the Fourteenth Amendment. *See Napue v. Illinois*, 360 U.S. 264 (1959). The essence of this claim is misconduct by the government, not merely perjury by a witness. *See United States v. Burke*, 425 F.3d 400, 412 (7th Cir. 2005). Here, Youngblood does not clearly allege prosecutorial misconduct in connection with the alleged admission of perjured testimony, and instead focuses on apparent discrepancies in the testimony of certain witnesses. Nevertheless, in determining whether the petition is timely, the court will presume without deciding that Youngblood could conceivably raise a cognizable claim.

5

witness testified. He has not shown that he meets the requirements of Section 2244(d)(1)(D) with respect to this claim.

Youngblood also claims that various police officers lied during his trial about the circumstances of his arrest and the search of his van. (*Id.* at 5.) He states that he discovered this by examining deposition transcripts his attorney took of the officers prior to trial. (*See* DE 31; DE 38.) Youngblood states that he obtained these deposition transcripts "one year and a half after he filed his initial Petition for Post Conviction Relief." (DE 31 at 4.) Youngblood's initial post-conviction petition was filed in June 2005; a year and half later would have been sometime in late 2006. Even assuming this was the earliest date Youngblood could have obtained this information through the exercise of due diligence, it would not explain why he waited until May 2009 to file his federal petition. In short, Youngblood has failed to establish that his claims fall within the parameters of Section 2244(d)(1)(B).

Youngblood also argues that the untimeliness of the petition should be excused because he is actually innocent. (DE 15 at 9; DE 31 at 1-2.) However, a claim of actual innocence does not excuse the failure to comply with time deadlines under AEDPA. *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005). Accordingly, this argument is unavailing, and the petition is untimely.[3]

---

[3] If any of the claims in the petition were deemed to be timely, they could not be reviewed on the merits in any event because they are procedurally defaulted. Youngblood did not file a petition to transfer in the Indiana Supreme Court on direct review, nor did he seek any appellate review in the post-conviction proceedings. He sought leave to raise claims three and four in a successive post-conviction petition, but that request was denied. Accordingly, Youngblood has not presented any of his claims in one complete round of state review, and the time for doing so has passed. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Youngblood suggests that his first two claims were not raised due to ineffective assistance of counsel. (DE 15 at 5.) However, an ineffective assistance claim must be presented to the state court as an independent claim before it may be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Youngblood did not exhaust an ineffective assistance claim in one full round of state review. Accordingly, he is "fully defaulted." *Dellinger v. Bowen*, 301 F.3d 758, 766 (7th Cir. 2002).

Youngblood separately moves for a stay and abeyance, asking this court to stay proceedings in this case while the Indiana Court of Appeals reviews the denial of a motion for relief of judgment he filed in the trial court while this petition was pending. (DE 17.) A stay would not be appropriate since Youngblood's federal petition must be dismissed as untimely. Furthermore, Youngblood's request has become moot, because on April 12, 2010, the Indiana Court of Appeals dismissed his appeal with prejudice, determining that he was attempting to litigate an unauthorized successive post-conviction petition. *See Youngblood v. State*, No. 02A03-0912-CR-00606 (Ind. App. Ct. order dated Apr. 12, 2010). Youngblood did not file a petition to transfer, and the time for doing so has now passed. IND. R. APP. P. 57(c). Accordingly, the motion for a stay will be denied.

Youngblood has filed other motions, including a fifth motion for the appointment of counsel (the previous four having been denied), and a motion to "show cause." (*See* DE 37, 38, 39.) Upon review, none of these motions warrant relief in connection with this untimely petition.

As a final matter, the court must consider whether to grant a certificate of appealability. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, reasonable jurists could not debate that this petition is untimely. Accordingly, the court declines to issue a certificate of appealability.

For the foregoing reasons, the court:

(1) **DISMISSES** the petition (DE 15) as untimely;

(2) **DENIES** Youngblood's pending motions (DE 17, 37, 38, 39); and

(3) **DENIES** a certificate of appealability.

**SO ORDERED** on July 16, 2010.

                                                     s/ Joseph S. Van Bokkelen
                                                     Joseph S. Van Bokkelen
                                                     United States District Judge
                                                     Hammond Division